**YE YING JIANG, also known as Yue Ying Jiang, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General, Respondent.**

No. 10–2692–ag.

United States Court of Appeals, Second Circuit.

March 29, 2011.

John Z. Zhang, New York, NY, for petitioner.

Tony West, Assistant Attorney General; Terri J. Scadron, Assistant Director, and Lauren Ritter, Law Clerk, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, DC, for respondent.

PRESENT: GUIDO CALABRESI, JOSÉ A. CABRANES, RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Ye Ying Jiang, a Chinese native and citizen, seeks review of the BIA's denial of her motion to reopen her immigration proceedings. We assume the parties' familiarity with the underlying facts and procedural history.

We review BIA decisions on motions to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir.2006). Jiang's second renewed motion to reopen was untimely because she filed it more than six years after her final removal order. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). Nevertheless, the 90–day timeliness requirement does not apply to motions based on changed country conditions, so long as the new evidence is material, was previously unavailable, and could not have been discovered and presented at the prior hearing. 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(3)(ii). Changed country conditions are distinct from changed personal circumstances. *See, e.g., Wang v. BIA*, 437 F.3d 270, 273–74 (2d Cir.2006).

The BIA did not abuse its discretion by rejecting Jiang's argument of changed country conditions. First, the BIA reasonably discredited Jiang's village committee notice because it was unauthenticated and the immigration judge had previously found Jiang not credible. *See Zheng v.*

*Gonzales*, 500 F.3d 143, 146–48 (2d Cir. 2007). For the same reasons, the BIA reasonably declined to credit Jiang's or her mother's affidavit. *Id.* Second, while Jiang's Falun Gong practice may have changed her *personal* circumstances, it did not change the conditions in China. As a result, it was not an abuse of discretion to find no changed country conditions and to deny Jiang's motion as untimely.

We have considered and reject Jiang's other arguments. Jiang's petition for review is **DENIED** and her pending motion for a stay of removal is **DISMISSED** as moot.